991 F.2d 796
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph Ernest TAYLOR, Plaintiff-Appellant,
v.
CITY OF LOUISVILLE; Jefferson County Police Department,
City of Pleasure Ridge; Sergeant Yates; Jefferson County;
Jefferson County Jail; Jefferson County Corrections
Department, City of Pleasure Ridge Park, Defendants-Appellees.
 No. 92-6012.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph Ernest Taylor, a pro se prisoner housed at the Indiana Reformatory in Pendleton, Indiana, moves for counsel on appeal from a district court order granting summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive, declaratory and monetary relief, Taylor filed his civil rights action in the District Court for the Western District of Kentucky alleging constitutional violations in the course of his arrest and incarceration on charges of attempted murder and burglary on January 27, 1990. Taylor was incarcerated in the Jefferson County Jail on January 27, 1990. On February 9, 1990, he was transferred to the Floyd County Jail in New Albany, Indiana. Taylor was sentenced on August 21, 1990, and was transferred to the Indiana Reformatory on September 14, 1990. In addition to the alleged constitutional violations, Taylor asserted claims for false arrest, false imprisonment, and malicious prosecution.
 
 
 3
 The defendants filed motions for summary judgment contending that Taylor's complaint was untimely filed. The district court agreed and dismissed the action in a memorandum opinion and order entered March 6, 1992. Taylor's subsequent motion filed pursuant to Fed.R.Civ.P. 59 was denied in an order entered July 1, 1992.
 
 
 4
 Upon review, we affirm the district court's order as there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 5
 Taylor's complaint is time-barred. The statute of limitations applicable to Taylor's claims is codified at Ky.Rev.Stat. § 413.140(1)(a), which provides that an individual must initiate an action for personal injury within one (1) year after the cause of action accrues. Taylor's cause of action accrued on January 27, 1990, i.e., the date he was arrested and imprisoned in the Jefferson County Jail. His complaint, filed June 28, 1991, was approximately five months late and thus is time-barred.
 
 
 6
 The fact of Taylor's incarceration does not toll the statute of limitation. Kentucky's former tolling statute, Ky.Rev.Stat. § 413.310, repealed, effective July 13, 1990, provided: "The time of the confinement of the plaintiff in the penitentiary shall not be counted as part of the period limited for the commencement of an action." The period of approximately nine months during which Taylor was lodged in the Jefferson County and Floyd County jails (January 27, 1990, through September 14, 1990), was not a period of confinement in a "penitentiary" for purposes of former Ky.Rev.Stat. § 413.310. A penitentiary is defined by Ky.Rev.Stat. § 446.010(25) as "all state penal institutions except the houses of reform." The Jefferson County Jail is a county facility created pursuant to Ky.Rev.Stat. § 67B.010, et seq., which is operated by Jefferson County and is therefore a county institution. The Floyd County Jail is also a county institution. Ind.Code § 36-2-2-24. Taylor was not lodged in a state penal institution until September 14, 1990, at which time the repeal of the tolling statute was already effective. Therefore, Taylor's stay in the two county facilities did not toll the statute of limitations for his cause of action.
 
 
 7
 Finally, in his amended reply brief Taylor alleges that his malicious prosecution claim accrued when he was acquitted of attempted murder on August 2, 1990, and that as to this claim his complaint filed June 28, 1991, was filed within the one year limitations period. This argument was not raised in the district court and therefore is waived. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-44 (6th Cir.1991).
 
 
 8
 For the foregoing reasons, the motion for counsel is denied. The district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.